Dayis, J.,
delivered the opinion of the court:
The Dei)artment of Justice being unable with the force at its disposal adequately to prosecute the very important cause colloquially known as the “ Maxwell Land Grant Case,” retained plaintiff as a special district attorney, and in due course paid *248 him a sum which he holds to be insufficient remuneration for his professional services; therefore he resorts to this court for relief.
At first it was understood that for compensation plaintiff should turn to the settlers whose holdings were threatened by the land grant company; soon it became evident that nothing would be paid by them ; the Department of Justice was without money; an embarrassment which apparently the then defendants did not share. Mr. Brewster, the Attorney-General, thereupon instructed Mr. Bently (who had already been some three months in the case) to proceed, and promised that he (the Attorney-General) would include plaintiff’s “reasonable account for services in the next appropriation; no money now available.” Plaintiff accepted this rather uncertain proposal, and efficiently performed his duty in the cause until it reached a determination in the Circuit Court, when he sent in an account to the Department of Justice in which his compensation was fixed at $20,000. Plaintiff, who had already been paid $5,000, was now allowed an equal sum on account. There the matter rested for some six months, when Mr. Garland (then Attorney-General) wrote plaintiff that he would be expected to take part in the argument upon appeal in the Supreme Court, the compensation therefor to be fixed by the Attorney-General. This proposal was accepted, and after the cause had been determined and plaintiff had faithfully performed his professional duty he restated his account, valuing his services in the Circuit Court, as before, at $20,000, and his services upon appeal at $8,000. The Attorney-General, however, fixed the total compensation at $15,000, and for the balance plaintiff now sues, plus a trifle by way of disbursement disallowed by the Treasury.
While the Attorney-General was clear in his opinion that the sum allowed by him was a sufficient compensation, he, with characteristic fairness, stated (in answer to a protest) that his action would not bind the plaintiff) but that the Department of Justice would afford every facility it could to have the plaintiff righted if he had been wronged, and that no-merely technical estoppel or objection would be thrown in the way of a remedy. Still the Attorney-General remained of the opinion that the compensation allowed was sufficient.
It has been urged upon the one side that Mr. Brewster’s arrangement was illegal, as anticipating an appropriation, and' *249 that the Attorney-General is the final arbiter of the amount of compensation, from whom there is no appeal (Rev. Stat. §§ 361 and 363.) To this itis answered that the services were performed at the request of the Attorney-General, that they have been accepted and approved, and that the Attorney-General expressly waived any technical estoppel and consented to an investigation of the subject in this court.
These questions, however interesting they might be under other circumstances, are not important in the view we take of this cause, and we refrain from expressing any opinion upon them.
Nothing is more difficult than to fix the compensation of intellectual labor such as is performed by competent counsel in an important and difficult case. We have here in evidence the deposition of several lawyers, proving that the plaintiff labored diligently, faithfully, and ably in behalf of his client (it is clear that he did), and we have the statement of these lawyers under oath as to what in their opinion heshouldbe paid. The amount of service is a fact which we have very carefully investigated; the amount of compensation therefor is matter of opinion only; and in our opinion thé conclusion of the Attorney-General was substantially just.
Petition dismissed.