KichardsoN, Ch. J.,
delivered tbe opinion of tbe court:
Tbe claimant is, and bas been since October 29,1874, a passed assistant'engineer in tbe Navy. March 16,1889, be was serving as sucb on tbe United States steamer Yandaba when that vessel was totally wrecked in tbe barbor of Apia, Samoan Islands, and Paymaster Frank H, Arms lost bis life.
Thereupon tbe claimant received an acting appointment to perform tbe duties of paymaster until another paymaster should report for duty, under tbe following provisions of tbe Eevised Statutes:
"Sec. 1381. When tbe office of paymaster or assistant paymaster becomes vacant, by death or otherwise, in ships at sea, or on foreign stations, of on tbe Pacific coast of tbe United States, tbe senior officer present may make an acting appointment of any fit person, who shall perform tbe duties thereof until another paymaster or assistant paymaster shall report for duty, and shall be entitled to receive tbe pay of sucb grade while so acting.
“ Sec. 1664. Any person performing the duties of paymaster, acting assistant paymaster, or assistant paymaster, in a ship at sea, or on a foreign station, or on tbe Pacific coast of tbe United States, by appointment of the senior officer present, in the case of vacancy of sucb office, in accordance with tbe provisions of section thirteen hundred and eighty-one, and not otherwise, shall be entitled to receive tbe pay of sucb grade while so acting.”
He bas been paid the salary of paymaster while performing duty as acting paymaster under that appointment from March 16 to July 17, 1889.
■ His claim is that he is entitled to receive also tbe salary of passed assistant engineer, on tbe ground that be held two distinct offices and is entitled to compensation of both on tbe authority of Collins’ Case (15 C. Cls. R., 22), Saunders’ Case (120 U. S., 126), and other cases.
In point of fact be did not bold two distinct offices. An acting paymaster, appointed by the senior officer present, is *29 not an officer. He is not appointed as required by the Constitution, takes no oath of office, and gives no bond as paymaster.
ITe is appointed to discharge the duties of an office which he does not hold, that of paymaster, and he is therefore prohibited if omreceiving compensation by the following provisions of the Revised Statutes:
“Seg. 3.763. No person who holds an office, the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars, shall receive compensation for discharging the duties of any other office, unless expressly authorized by law.
“Seo. 1765. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.”
In an opinion of Attorney-General Evarts to the Secretary of the Interior, in 1868, he quotes with approval an earlier opinion of Attorney-.General Crittenden, in which he says:
“The plain meaning of this [statute] seems to be that an individual holding one office, and receiving its salary shall in no case be allowed to receive also the salary of another office which he does not hold, simply on account of his having performed the duties thereof. The prohibition is against his receiving the salary of an office which he does not hold, and not against receiving the salaries of two offices which he does legitimately hold.” (12 Opin., 460, quoted in Collins’s Case, 15 C. Cls. R., 37.)
The views of Attorneys-General Crittenden and Evarts have been adopted by this court and the Supreme Court.
It is true that Revised Statutes, sections 1381,1564, provide that any person performing the duties of paymaster by appointment of the senior officer shall be entitled to receive the pay of such grade while so acting. Those sections must be construed with reference to other provisions of the statutes, and while they may operate literally if the appointee holds no office under the Government as may be the case, if he holds an office he can not escape from the prohibitions of Revised Statutes, sections 1763, 1765. The object and intent of Congress must be ascertained by construing together all the provisions of law on the same subject, and it does not appear that Congress *30 intended to allow an officer two salaries when temporarily discharging the duties of acting paymaster by appointment under Bevised Statutes, section 1381.
Moreover the offices of engineer and paymaster in the Navy, two offices in the same service, are incompatible, and one who holds two incompatible offices at the same time is not entitled to the compensation of both, according to the decision of the Supreme Court in Badeau’s Case (130 U. S., 439).
Badeau was an officer in the Army on the retired list. Be was appointed and acted as a consul-general. The Supreme Court held that the offices were incompatible and that he could not receive the salaries of both.
It is the liberal custom of the Treasury Department to allow a person holding more than one office the compensation of that one which is the larger. In this instance the claimant was paid the salary of a paymaster in the first five years of service.
He claims the pay of paymaster in the fourth five years of service, which would have been the pay of the officer in whose place he was acting. Increase pf pay for length of service in the Navy is founded on the theory that an officer acquires experience and efficiency by the long performance of the same duties. It is not to be presumed that Congress intended to pay from the beginning the increased compensation allowed for length of service to one who is appointed temporarily to discharge the duties of paymaster.
The accounting officers construed the statute as allowing in such case the salary of paymaster in the first five years of service, and as that was more than the claimant’s salary as an engineer he has no cause of action, and his petition must be dismissed.