Nott, J.,
delivered tbe opinion of tbe court:
Tbe Government, as defendant in this case, can not say that when it commissioned tbe claimant and sent him into tbe grand jury room at Ooeur d’Alene be was an assistant district attorney, and that when be came to it for compensation be was not an assistant district attorney. If be was not then an assistant district attorney be bad no right to go into tbe grand-jury room and assist in tbe finding of indictments, and tbe Government bad no right to send him. If be was an assistant district attorney, tbe service which be rendered in tbe grand-jury room was service as sucb, and tbe question in tbe case is whether be is precluded from recovering compensation by reason of bis bolding another office and receiving tbe salary attached to it by law.
It is contended by tbe counsel for tbe defendants that tbe services of tbe claimant as special examiner in tbe Department of Justice and as assistant district attorney were not “distinct and different.”
Tbe statute authorizing and defining tbe duties of special examiners is as follows:
“For tbe detection and prosecution of crimes against tbe United States, preliminary to indictment; for tbe investigations of official acts, records, and accounts of officers of courts, including tbe investigation of tbe accounts of marshals, attorneys, clerks of tbe United States courts, and tbe United States commissioners, under tbe direction of tbe Attorney-General, and for this purpose all tbe records and dockets of these officers, without exception, shall be examined by bis agents at any time, thirty-five thousand dollars.” (Sundry civil appropriation act, August 5, 3892.)
Tbe statute authorizing tbe employment of assistant district attorneys is as follows:
“ Tbe Attorney-General shall, whenever in bis opinion tbe public interests -requires it, -employ and retain in the name of *308 the United States, such attorneys and counsellors at law as he may think necessary to assist the district attorneys in the discharge of their duties, and shall stipulate with such assistant attorneys and counsel the amount of compensation, and shall have supervision of their conduct and proceedings.” (Sec. 363, R. S. U. S.)
“Every attorney or counsellor who is specially retained under the authority of the Department of Justice to assist in the trial of any case in which the Government is interested, shall receive a commission from the head of such Department, as a special assistant to the Attorney-General, or to some one of the district attorneys, as the nature of the appointment may require, and shall take the oath required by law to be taken by the district attorneys, and shall be subject to all the liabilities imposed upon them by law.” (Sec. 366, R. S. U. S.)
Upon the face of these statutes the duties do appear to be distinct and different. It appears that the claimant had been sent to the West to assist in working up the cases in which he afterwards took part as assistant district attorney. But conceding this, it does not follow that the services were not distinct a.nd different. A surgeon may be employed at an annual salary to edit a medical journal. During his period of service his employer may employ him to perform a surgical operation. Both the editing of the journal and the performance of the operation will require a knowledge of surgery; yet no one would contend that the two are not distinct and different. So the hunting up of witnesses, the examining of accounts, and other work of an examiner differ from the professional work of going into a grand-jury room and examining 175 witnesses. The latter duty involves responsibility, preparation, professional skill, and nervous strain, distinct and different from those of a lawyer’s clerk or a detective or a special examiner.
It has been regarded as settled since the decision of the Supreme Court in United States v. Saunders (120 U. S. R., 126) that a person may hold two offices and receive the salaries of both, notwithstanding the provisions of the Revised Statutes (sections 1763, 1764, 1765), provided that they are distinct, each having its own duties and compensation, and are not incompatible. In this case we have seen that the offices are distinct and that each has its own duties and compensations. The resulting question is whether they are incompatible.
Two offices are incompatible when a performance of the duties of the one will prevent or conflict with a performance *309 of the duties of the other; as in Webster’s Case (28 C. Cls. R., 25), where the offices were those of engineer in the Navy and paymaster; and as in Winchell’s Case (Ib., 30), where the offices were that of engineer in the Navy and that of draftsman in the Hydrographic Office; or when the holding of the two offices is contrary to the policy of the law, as in Badeau v. The United States (130 U. S. R., 439), where the one office was that of a retired army officer and the other one in the consular service. In this case the duties were not incompatible. Both required the claimant to be at the same place; and it appears that the perpormance of the duties of the one did not interfere with or relieve him from the performance of the duties of the other.
In this case, as in Bentley's (26 C. Cls. R., 241), there may be a question whether the claimant can recover until the Attorney-General has fixed the amount of his compensation. That point was raised, but was not decided, the case going off for other reasons. Here the claimant was ordered by telegram to proceed to a certain place. He did so, and there found an appointment from the Attorney-General as special assistant to the attorney of the United States for the district of Idaho to aid him in the preparation and prosecution of all criminal business properly coming before the court during its special term, ordered at Coeur d’Alene for August 23, 1892. The appointment also said, “Your compensation will be determined by the Attorney-General upon completion of your service. Execute the customary oath of office and forward the same to this Department without delay.” The claimant complied with these instructions; he took the oath of office and assisted in the preparation and prosecution of the criminal business referred to. It is true that before he had accepted the office he had suggested the advisability of his appointment “as a special assistant to the United States attorney, without compensation, for these cases.” But that letter was not written until after this special appointment of the Attorney-General had been made. It was a proposition not acted upon by either party, and is properly in the case only as it may affect the question of damages.
Another peculiar fact in this case is that the appointment was made by one Attorney-General (Acting Attorney-General Aldrich), and the refusal to allow the claimant compensation *310 came from another (Attorney- Gen er al Miller). If the Attorney-General had allowed the claimant some compensation, though small and inadequate, it may be that it would preclude him from seeking more. By accepting the appointment he may be said to have agreed to submit the amount of compensation exclusively to tke.Attorney-General. But he did not agree by accepting the appointment to submit to the arbitrament of the Attorney-General the question whether he was in law entitled or not entitled to any compensation whatever. Does the refusal of the Attorney-General to fix the value of his service and the amount of his compensation leave the claimant free to recover in quantum meruit ? In Cooper’s Case (8 C. Cls. R., 199) it was held that where a contract provides that a contractor shall be allowed and paid a reasonable price, to be estimated and determined by a board of inspectors appointed by the Quartermaster’s Department, and the department neglects to appoint such board, the contractor may bring his action and recover for his work. This case has been frequently recognized since, and rarely, if ever, questioned. It seems clear that if a person is legally entitled to compensation, the refusal of a public officer to fix the amount should not deprive him of his right.
In this case, as in Bentley’s, the claimant has sought to prove by the depositions of lawyers the value of the'services rendered. As in Bentley’s Case, we regard their.statements as little more than the opinion of witnesses. Furthermore, the opinions are not based upon the actual relations of the parties. Here the preparation of the claimant as counsel was largely acquired by his services as examiner. The value of his services as examiner must be gauged by the salary which he received and accepted, $2,500. His traveling expenses and hotel bills were paid by the United States.
As was said in Bentley’s Case, the value of a lawyer’s services is a matter of opinion, as to which the court will not be bound by the testimony of witnesses. Basing our conclusion upon all of the facts of the case, the value of the claimant’s services as examiner, the relations of the parties, the fact that the claimant offered to perform without compensation, and the nature of the services rendered, we place the compensation at $300.
Three of the four members of the court who sat in the case concur in this opinion. ■