# Dual Membership of an Individual on
# Two Federal Advisory Committees

There are no legal constraints, including the conflict of interest laws, that would rule out an individual's concurrent membership on two federal advisory committees.

Per diem compensation received for service on a federal advisory committee does not constitute a salary from the federal government so as to disqualify an individual receiving such compensation from membership on the President's Nuclear Safety Oversight Committee.

July 2, 1980

## MEMORANDUM OPINION FOR THE COUNSEL TO THE
## PRESIDENT

This is in response to your inquiry whether there are any legal constraints that rule out the concurrent membership of Mr. C on two advisory committees, the Nuclear Regulatory Commission's Advisory Committee on Reactor Safety (ACRS) and the President's Nuclear Safety Oversight Committee (Oversight Committee).

It should be noted at the outset that 5 U.S.C. § 5533(d) in effect permits an individual to hold appointments simultaneously from more than one agency to perform for them, respectively, intermittent advisory duties on a "when-actually-employed basis," and that it allows him to receive pay for all of his work if it is not "for the same hours of the same day."

Section 1–101 of Executive Order No. 12,202, March 18, 1980, which established the Oversight Committee, provides that its membership of six persons shall be composed of "citizens who do not receive a *salary* from the Federal government" (emphasis added). Mr. C was at the time of his appointment to that committee and still is a member of ACRS. He receives per diem compensation for each day of his work for it. 42 U.S.C. § 2039. The question arises whether such compensation constitutes salary so as to disqualify him for a seat on the Oversight Committee. In our opinion it does not. The quoted language from Executive Order No. 12,202 was obviously intended to do no more than limit the Oversight Committee's membership to persons who are not regular employees of the government. Mr. C, who is on the faculty of a university, and his four colleagues all fit into that category. Moreover, his payment by ACRS on a per diem basis does not fall within the

717

standard dictionary definition of "salary" as "fixed compensation paid regularly for services," a definition that we think should ordinarily be followed where a different one is not supplied.

Turning to the conflict of interest laws, we find that only 18 U.S.C. § 208 need be mentioned here as conceivably having any relevance to Mr. C's dual employment. That statute prohibits a federal employee from participating as such in a particular matter in which, among others, he or his employer has a financial interest. If applicable, § 208 would prevent Mr. C from participating in an Oversight Committee matter in which ACRS, another one of his employers, has a "financial interest." However, the statute is not applicable and Mr. C would not be barred because ACRS, which has no proprietary functions, cannot be said to have a financial interest in any matter within the meaning of § 208. Mr. C would, of course, be barred from participating in a matter before either committee in which he personally or his university had a financial interest.

Mr. C's dual officeholding does not cut across any of the restrictions imposed by Executive Order No. 11,222 of May 8, 1965. Like 18 U.S.C. § 208, those restrictions are directed to conflicts of interest, appearances of such conflicts, etc., that arise from the financial interests of a federal employee or persons with whom he is connected.

Finally, we believe it pertinent to mention that a number of 19th century precedents speak of a nonstatutory prohibition against a person's holding two "incompatible" offices. *See, e.g., Crosthwaite* v. *United States,* 30 Ct. Cl. 300 (1895), *rev'd on other grounds,* 168 U.S. 375; 22 Op. Att'y Gen. 237 (1898). All these cases involved a person's filling two government positions that carried operational responsibilities and in none, so far as our research has revealed, was there a finding of incompatibility. Assuming that these precedents have any validity today, we are of the view that they are nevertheless not apt here if only because both the Oversight Committee and ACRS are collegial bodies and both have merely advisory functions.

In sum, we see no legal hindrance to Mr. C's continuing his service to both advisory committees.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*