**Senator Harrison A. WILLIAMS, Jr. et al.**

v.

**Howard J. PHILLIPS, Acting Director, Office of Economic Opportunity, Appellant**

**No. 73–1676.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 21, 1973.

Decided June 22, 1973.

---

---

Stephen F. Eilperin, Atty., Dept. of Justice, for appellant. Judith S. Feigin and Robert E. Kopp, Attys., Dept. of Justice, entered appearances for appellant.

Alan B. Morrison, Washington, D.C., for appellee.

Harry Huge, Washington, D. C., for National Legal Aid and Defenders Association as amicus curiae.

Glenn R. Graves, Washington, D.C., for Local 2677, American Federation of Government Employees as amicus curiae.

Before WRIGHT, LEVENTHAL, and ROBINSON, Circuit Judges.

## ORDER

PER CURIAM:

This cause came on for consideration of appellant's emergency motion for a stay pending appeal and appellees' opposition thereto, and the court heard argument of counsel. The District Court's order of June 11, 1973 declared that Howard J. Phillips, Acting Director of the Office of Economic Opportunity, is serving illegally in his position since he has not been nominated by the President and confirmed by the Senate, as required by Article II, Section 2 of the Constitution. The District Court enjoined Phillips from taking any further action as Acting Director of OEO.

Appellant having declined to submit the case on the merits for purposes of summary disposition, the sole issue we decide is whether appellant has met his burden of showing that a stay is justified. See Virginia Petroleum Jobbers Assn v. FPC, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (1958).

We do not believe appellant has shown sufficient likelihood of success on the merits to warrant a stay. Art. II, § 2 of the Constitution unequivocally requires an officer of the United States to be confirmed by the Senate unless different provision is made by congressional statute. In the case of OEO, the pertinent enactment reinforces rather than diminishes the requirement of Senate confirmation. See 42 U.S.C. § 2941(a) (1970). The only issue is the existence of presidential authority to make an interim appointment without Senate approval. Under the legal theory accepted by the District Court, the President lacked authority to appoint an acting director of OEO, save in an emergency situation not here present.[1] Accordingly, the District Court concluded that appellant had served illegally in that position since the date of his appointment on January 29, 1973.

It could be argued that the intersection of the President's constitutional obligation to "take care that the laws be faithfully executed" and his obligation to appoint the director of OEO "with the Advice and Consent of the Senate" provides the President an implied power, in the absence of limiting legislation, upon the resignation of an incumbent OEO director, to appoint an acting director for a reasonable period of time before submitting the nomination of a new director to the Senate. Even if the court should sustain such a view, in its disposition on the merits, that would not establish that the President was entitled, for a period of four and a half months from the date the President obtained the

---

1. The District Court did conclude that there was some scope, even in the absence of statute, for temporary appointments to meet emergency situations. Appellant argued that this was contrary to the view expressed by Mr. Justice Douglas in Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 629, 72 S.Ct. 863, 96 L.Ed. 1153 (1952) (concurring opinion), but the traditional view is that an emergency creates the condition for the exercise of power.

resignation of the incumbent director,[2] to continue the designation of Phillips as acting director without any nomination submitted for Senate consideration. The Government concedes that the President cannot designate an acting officer indefinitely without any presentation to the Senate for confirmation. An indication of the reasonable time required by the President to select persons for nomination appears in the 30-day period provided in the Vacancies Act for temporary appointments of Executive Department officers pending nomination to the Senate, see 5 U.S.C. § 3348(1970)). Appellant has not met his burden of demonstrating that the court, on the merits, is likely to hold that the President was entitled to hold Mr. Phillips in office for a four-and-a-half-month period without any nomination. Assuming, without deciding, that the court on the merits might disagree with the District Court's approach and might conclude that Phillips' appointment was not invalid ab initio, this would not undercut the determination as to the prospective invalidity of his holding office.

Appellees' standing to maintain this action was challenged in the District Court, but while appellant technically claims to "preserve" the standing issue here, it is not urged as a ground for stay.[3] We therefore do not reach the standing question.

Appellant and amici curiae also question the injunctive relief granted by the District Court which barred appellant from further serving as acting director of OEO. Some of these objections apparently seek clarification rather than reversal of the District Court's injunction. Other objections are based upon allegations of irreparable injury to the agency, its programs, and third parties dealing with the agency. These allegations raise questions of fact concerning the actual effect of the District Court's injunction, questions which we are unable to resolve on the record before us. It appearing that the District Court has not yet had an opportunity fully to consider these matters, we think it best to deny the stay and remand the record to the District Court where these claims of injury can be heard. Motions might be made for clarification or modification of the court's injunction, or for further equitable relief in other related cases. The District Court may also consider, despite its declaration that appellant is serving illegally, whether to terminate or give prospective effect to its injunction, or to provide time to conform to the Constitution's requirements.[4] If the District Court concludes that circumstances warrant further relief in this case, it may amend its order.[5]

Wherefore it is ordered by this court that appellant's Emergency Motion for Stay Pending Appeal be, and it is hereby, denied, and it is further ordered by this court that the record in this case be, and it is hereby, remanded to the

---

2. Reference is to the four-and-a-half-month period between that date and the date of the District Court's decree.

3. At oral argument on the motion for stay, the Government was specifically asked whether it was now pressing that point, in view of the fact that the same issue on the merits is also raised in another appeal now pending before this court in a case in which the plaintiffs' standing to sue rests on firm ground. See Local 2677 v. Howard J. Phillips, No. 73-1551, appeal docketed May 15, 1973, where appellant labor organization represents employees of OEO whose jobs are directly affected by actions taken by appellee. Government counsel replied in the negative, although it was not to be taken as conceding standing in the case at bar. The Local 2677 case and the case at bar will be set for argument to the court on the merits on the same date.

4. See, e. g., Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); Hecht Co. v. Bowles, 321 U.S. 321, 329-330, 64 S.Ct. 587, 88 L.Ed. 754 (1944).

5. In the interest of justice, 28 U.S.C. § 2106 (1970), and the public interest, we see no reason to require the formality of a notification by the District Court, followed by a formal remand of the case to permit the entry of such amendment, under the normal procedure, see Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952).

District Court, with leave to the District Court to reconsider or amend its order if it be so advised. When the District Court determines it no longer has need for it, the Clerk of the District Court is directed to return the record to this court.