March 21, 1977

## 77–12 MEMORANDUM OPINION FOR THE COUNCIL OF ECONOMIC ADVISERS

### Appointment of Deputy Director of the Council on International Economic Policy (CIEP) by Its Executive Director

This is in response to your memorandum in which you inquire whether the former Executive Director of the Council on International Economic Policy (CIEP), was authorized to appoint Mr. A as the "Deputy Director"[1] of CIEP, and, if not, by what means may someone be named to carry on CIEP's function absent the appointment of an Executive Director of CIEP by the President, by and with the advice and consent of the Senate.

Pursuant to 22 U.S.C. § 2847(b) (Supp. V 1975), the Executive Director of CIEP has the power to appoint such staff personnel as he deems necessary with the approval of the Council. Thus, the Executive Director had the power to appoint Mr. A as the Deputy Executive Director of CIEP provided he had secured the approval of the Council.

As we understand your letter you are, however, less concerned with Mr. A's status as Deputy Executive Director than with his authority to act as Executive Director of CIEP and perform the functions of that official. The CIEP statute does not provide for a Deputy Executive Director and is silent on the question as to who is to perform the duties of the office of Executive Director in the event of a vacancy. Hence, assuming that Mr. A was validly appointed Deputy Executive Director, that fact alone would not enable him to perform those functions that are exclusively vested in the Executive Director of CIEP.

We are aware of the memorandum dated January 11, 1977, to the Heads of Departments and Agencies from Mr. James E. Connor, Secretary to the Cabinet and Staff Secretary to President Ford, entitled "Resignation of Presidential Appointees," par. 4 of which provides:

---

[1] While your memorandum uses the term "Deputy Director," we assume that Mr. A was actually appointed Deputy Executive Director.

In order to make certain there is no interruption in responsibility after January 20, President Ford's transition officer for each department and agency and the President-elect's transition officer for that department and agency should reach agreement on the designation of a Ford-appointed subordinate officer who would have the power and responsibility of acting secretary until the appropriate officer of the new administration is confirmed and sworn in.

It does not appear from the papers submitted to us whether Mr. A was designated pursuant to that authority to act as Executive Director pending the appointment of such officer by and with the advice and consent of the Senate. Moreover, it is questionable whether having been appointed during the very last days of the Ford Administration, Mr. A would be a "Ford-appointed subordinate officer" within the scope of that memorandum.

However, if Mr. A was appointed Deputy Executive Director with the approval of the Council and if he was designated Acting Executive Director in accordance with the provisions of the January 11, 1977, memorandum, it can be said that this designation was made at the direction of President Ford and that it was ratified by President Carter.

This gives rise to the problem of whether President Ford had the authority to make an *ad interim* designation to a position that requires Senate confirmation. The U.S. District Court for the District of Columbia in *Williams* v. *Phillips*, 360 F. Supp. 1363 (D.D.C., 1973), held that such an "appointment" cannot be made without statutory authorization. In its ruling on the Government's application for a stay of the decision, the Court of Appeals indicated that at best the President would have an implied power "to appoint an acting director [of the Office of Economic Opportunity] for a reasonable period before submitting the nomination of a new director to the Senate." The Court of Appeals suggested that the 30-day period of the Vacancy Act (5 U.S.C. § 3348)[2] was an indication of what constituted a reasonable period. *Williams* v. *Phillips*, 482 F. 2d 669, 670–671 (D.C. Cir. 1973). Here the vacancy has lasted for nearly twice that period.

Another difficulty here is presented by Mr. A's subsequent appointment as Chairman of the Council of Economic Advisers. As such, Mr. A is an *ex officio* member of the CIEP Council. This raises the question whether Mr. A's position as a member of the CIEP Council and Deputy Executive Director and Acting Executive Director of CIEP are compatible offices.

Earlier prohibitions against dual officeholding were repealed in 1964 and replaced by legislation that, with a few exceptions, merely prohibits the dual compensation of persons holding two offices. 5 U.S.C. § 5533. That legislation, however, is not to be read as also overcoming the basic legal doctrine prohibiting the holding of incompatible offices. *See,*

---

[2] The Vacancy Act does not apply to CIEP because that Act is limited to "Executive departments" and CIEP is not an executive department. 5 U.S.C. § 101.

*Crossthwaite* v. *United States,* 30 C. Cl. 300, 308 (1895), *rev'd on other grounds,* 168 U.S. 375; *Lopez* v. *Martinelli,* 59 F. 2d 176, 178 (1st Cir. 1932); 22 Op. A.G. 237, 238 (1898); Throop, Public Officers (1892), 37–38. Perhaps the most important public policy consideration in this area is the principle that no public official should be a judge in his own cause, or review in one capacity actions that he has taken in another capacity.

As a member of the CIEP Council, Mr. A would be in a position in which he would have a role in the Council's review or approval of decisions, personnel actions, and other management functions made by him as Acting Executive Director of CIEP. 22 U.S.C. § 2847 (Supp. V 1975). Hence, it might be said that Mr. A should be regarded as having vacated by operation of law his position as Acting Executive Director of CIEP, by virtue of his appointment as Chairman of the Council of Economic-Advisers.

On the basis of the above analysis, it is our opinion:

(1) That the President should designate a person, other than Mr. A, to be Acting Executive Director, CIEP. If the designee is not chosen from the CIEP staff, it would be desirable that the designee (a) be a person who has been appointed to some other position by and with the advice and consent of the Senate, and (b) not be a member of the CIEP Council.

(2) That the President should nominate a permanent Executive Director as soon as possible.

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*
