December 22, 1977

## 77–73   MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Status of the Acting Director, Office of Management and Budget

This responds to your request for our opinion concerning the legality of Mr. A's continuing to serve as Acting Director of the Office of Management and Budget (OMB).

Our views may be summarized as follows: The provisions of the "Vacancy Act," including the 30-day limit on the tenure of persons serving in an acting capacity, do not apply to OMB. Under 31 U.S.C. § 16 (Supp. V 1975), when there is a vacancy in the office of Director of OMB, the Deputy Director becomes Acting Director. While there is no express statutory limit on the length of such tenure as Acting Director, it may not continue indefinitely. Within a reasonable time after the occurrence of a vacancy in the office of Director, the President should submit a nomination to the Senate. The circumstances here are such that the duration of Mr. A's service as Acting Director seems reasonable.

### Discussion

1. Provisions derived from the Vacancy Act of 1868 are codified in 5 U.S.C. §§ 3345–49. Section 3345 provides that, unless the President directs otherwise, when the head of an executive department or military department resigns, his first assistant shall perform the duties of the office until a successor is appointed. Under 5 U.S.C. 3348, however, a person filling a vacancy by virtue of § 3345 may not do so for more than 30 days.

Even assuming for the sake of argument that the Vacancy Act was intended to cover all agencies in the executive branch, that would not be determinative. Although derived from the 1868 Act, the current provisions, 5 U.S.C. §§ 3345–49, stand on a separate footing because they, along with the other provisions of Title 5, were enacted into

positive law in 1966.[1] The applicable definition of "Executive department" is set forth in 5 U.S.C. § 101; that definition is restricted to the Cabinet departments and does not include OMB.[2]

It follows that 5 U.S.C. § 3348, which imposes a 30-day limit on the time that a "first assistant" may on the basis of § 3345 act as department head, does not apply to OMB.

2. Article II, § 2, Cl. 2 of the Constitution provides that the President is to nominate and, with the advice and consent of the Senate, appoint ambassadors, Supreme Court Justices "and all other officers of the United States, whose appointments are not herein otherwise provided for. . . ." This clause also provides that "the Congress may by law vest the appointment of such inferior officers . . . in the President alone, in the courts of law, or in the heads of departments."

For more than 50 years, the President had sole responsibility for appointing the Director of OMB or its predecessor Agency, the Bureau of the Budget. See § 207 of the Budget and Accounting Act, 1921, 31 U.S.C. § 16 (1970). Then, in 1974, the requirement of Senate confirmation of the Director and Deputy Director of OMB was enacted. See Pub. L. No. 93-250, § 1, 88 Stat. 11, 31 U.S.C. § 16 (Supp. V 1975).

Our examination of the legislative history of the 1974 statute, as well as that of similar legislation passed by Congress in 1975 but vetoed by President Nixon,[3] reveals no discussion of the question of the length of time that a Deputy Director of OMB may serve as Acting Director.[4] In fact, the provision regarding the filling of a vacancy by the Deputy Director was not added by the 1974 statute. That provision dates back to the 1921 Budget and Accounting Act, as amended by Reorganization Plan No. 2 of 1970.[5] As noted previously, under the 1921 Act, the positions of Director and Deputy Director were not subject to Senate confirmation.

3. In *Williams* v. *Phillips,* 360 F. Supp. 1363 (D.D.C., 1973), the district court held invalid President Nixon's naming of an Acting Director of the Office of Economic Opportunity.[6] The court's reasoning supports our view that, by virtue of 31 U.S.C. § 16 (Supp. V 1975), a Deputy Director of OMB may act as Director for a (reasonable) period

[1] *See* Pub. L. No. 89-554, 80 Stat. 378, *et seq.*

[2] Regarding the applicability of the definition contained in 5 U.S.C. § 101, *see* the explanatory note following 5 U.S.C. § 3345.

[3] *See, e.g.,* S. Rep. 93-7, 93d Cong., 1st Sess. (1973); 119 Cong. Rec. 3348 (1973); H.R. Rep. No. 93-109, 93d Cong., 1st Sess. (1973).

The bill passed in 1973 would have required Senate confirmation of the incumbent Director and Deputy Director as well as persons named to those positions in the future. The Senate voted to override the veto, 119 Cong. Rec. 16503 (1973), but the House failed to do so, 119 Cong. Rec. 16764 (1973).

[4] *See, e.g.,* S. Rep. No. 93-237, 93d Cong., 1st Sess. (1973); H.R. Rep. No. 93-697 (1973); 120 Cong. Rec. 2781 (1974).

[5] The reorganization plan replaced the Bureau of the Budget with OMB.

[6] The court of appeals denied the Government's motion for a stay pending appeal. *Williams* v. *Phillips,* 482 F. 2d 669 (D.C. Cir. 1973). Later, the case became moot and, on January 21, 1974, the appeal was dismissed.

288

in excess of 30 days. The court referred to similar statutes applicable to other agencies (*e.g.,* the Veterans Administration) and stressed the fact that, with regard to OEO, there was no statute providing for an Acting Director. 360 F. Supp. at 1370–71. The court's conclusion was as follows:

> "Thus the failure of the Congress to provide legislation for an acting director must be regarded as intentional. The Court holds that in the absence of such legislation or legislation vesting a temporary power of appointment in the President, the constitutional process of nomination and confirmation must be followed. Therefore, the Court finds that the defendant Phillips was not appointed lawfully to his post as Acting Director of OEO. An injunction will issue to restrain him from taking any actions as Acting Director of OEO." 360 F. Supp. 1371 [footnote omitted].

The clear implication is that, had there been an OMB-type statute and had Phillips been the Deputy Director of OEO, the court would have reached a different result.

Moreover, in *United States* v. *Halmo,* 386 F. Supp. 593 (D. Wis., 1974), a criminal prosecution, Solicitor General Bork had become the Acting Attorney General pursuant to 28 U.S.C. § 508(b) by reason of a vacancy in the offices of Attorney General and Deputy Attorney General. The defendants contended that because of the 30-day limitation in the Vacancy Act, Mr. Bork's order authorizing an application for a wiretap order was invalid. The court rejected the contention, stating: "There is no time limitation imposed on those who acquire office through § 508(b), 386 F. Supp. at 595."

4. 31 U.S.C. § 16 (Supp. V 1975) provides that, in the event of a vacancy in the office of Director of OMB, the Deputy Director shall act as Director. There is no *Phillips*-type problem of avoidance of Senate confirmation.[7] Since 1974, the Deputy Director of OMB, as well as the Director, is appointed with the advice and consent of the Senate. It seems reasonable to assume that, when the Senate considers a nominee for the position of Deputy Director, it does so with the realization that he may possibly become Acting Director.

On the other hand, Congress has created two positions, Director and Deputy Director, and has required that each be filled by a person whose nomination is confirmed by the Senate.[8] In our view, it is implicit in 31 U.S.C. § 16 (Supp. V 1975), that a Deputy Director may not properly serve indefinitely as Acting Director. There is no specific limit, 30 days or otherwise, but the tenure of an Acting Director should

---

[7] Congress was aware of the decision in *Williams* v. *Phillips.* The plaintiffs were Senators. The decision was brought to the attention of the House, 119 Cong. Rec. 19316 (1973) (Congressman Rangel), and was inserted into the Congressional Record by Senator Williams, 119 Cong. Rec. 19595 (1973).

[8] We do not deal with the question of the current status of the position of Deputy Director of OMB. *See* § 102(f) of Reorganization Plan No. 2 of 1970.

not continue beyond a reasonable time. What period is reasonable depends upon the particular circumstances.

Pertinent considerations include the specific functions being performed by the Acting Director; the manner in which the vacancy was created (death, long-planned resignation, etc.); the time when the vacancy was created (*e.g.,* whether near the beginning or the end of a session of the Senate); [9] whether the President has sent a nomination to the Senate; and particular factors affecting the President's choice (*e.g.,* a desire to appraise the work of an Acting Director) or the President's ability to devote attention to the matter.

5. Mr. A has served as Acting Director for 3 months. In our opinion, given the circumstances, that period is reasonable. Significant in this regard are Mr. A's involvement in the budget process and the deadlines imposed by the Congressional Budget Act of 1974, *see* 31 U.S.C. § 1321 (Supp. V 1975).

In addition it is noteworthy that the Senate adjourned on December 15 and will not reconvene until January 19. A recess appointment could be made but, in view of the salary restrictions of 5 U.S.C. 5503, it would clearly be reasonable for the President to wait until the Senate reconvenes.

In conclusion, we believe Mr. A's tenure as Acting Director of OMB is lawful. Regarding the time to make a nomination, the President has discretion, but is required to do so within a reasonable period.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[9] Regarding recess appointments, *see* Art. II, § 2, Cl. 3 of the Constitution and 5 U.S.C. § 5503, the latter dealing with the payment of salaries of persons receiving such appointments. In the circumstances present here a recess appointee could not under 5 U.S.C. § 5503 be paid.