January 31, 1978

## 78-91 MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Federal Reserve Board—Vacancy With the Office of the Chairman—Status of the Vice Chairman (12 U.S.C. §§ 242, 244)

You have requested us to consider the status of the chairmanship of the Federal Reserve Board in the event that the President's nominee has not been confirmed as Chairman by January 31, 1978, the date on which the incumbent's term expires. We have considered three possible resolutions of this question and have reached the following conclusions: First, the incumbent cannot hold over and continue to exercise the powers of the office as *de facto* Chairman; second, under relevant statutory authority, the Vice Chairman is only authorized to preside in the Chairman's absence although an argument could be made that the Vice Chairman possesses inherent authority to assume the duties of the Chairman when a vacancy has occurred. Such an approach, in our opinion, is of doubtful legality. Third, in light of the limited authority of the Vice Chairman, we believe that it is necessary for the President to designate one of the Board members as acting Chairman.

### I. Holdover Chairman

Section 242 of Title 12, U.S. Code, provides that "one [member of the Federal Reserve Board] shall be designated by the President as chairman and one as vice chairman of the Board to serve as such for a term of four years."[1] The statutory assurance that "members" whose terms have expired should serve "until their successors are appointed and qualified," 12 U.S.C. § 242 does not address the continuance in office of the Chairman *qua* Chairman and therefore, is inapplicable under these circumstances. Thus, the Chairman's

---

[1] The 1977 amendments to the Federal Reserve Act, 91 Stat. 1387 (not yet applicable), require designation of the Chairman to be accompanied by the advice and consent of the Senate; they also alter the way in which the 4-year term is to run, but are not otherwise of significance to the question at hand.

term expires by operation of law after the statutory term has run. *Badger* v. *United States*, 93 U.S. 599, 601 (1876). There the court stated:

> When this four years comes round, [the officer's] right or power to perform the duties of the office is at an end, as completely as if he had never held the office . . . . Whether a successor has been elected, or whether he has qualified, does not enter into the question. [*Id.* at 601.]

Because the incumbent is not entitled to continue to exercise his powers absent reappointment, *see* 11 Op. Atty. Gen. 286 (1865), a vacancy in the position results.[2]

## II. Inherent Authority of the Vice Chairman

Section 244 of Title 12 provides that the Vice Chairman is to "preside" at Board meetings in the "absence" of the Chairman but does not otherwise specify his duties. The term "absence" normally connotes a failure to be present that is temporary in contradistinction to the term "vacancy" caused, for example, by death of the incumbent or his resignation. With regard to numerous other agencies Congress has directed that the Vice Chairman is to serve in the event of the Chairman's absence or incapacity or as a result of a vacancy in the office of the Chairman. *See, e.g.,* 16 U.S.C. § 792 (1976) (Federal Power Commission); 42 U.S.C. § 2000e-4 (1976) (Equal Employment Opportunity Commission). Arguably, since Congress could have done the same here, the absence of such language must be regarded as meaningful.

A review of the legislative history of § 244 reveals no discussion of this point. *See* H. Rept. No. 150, 73d Cong., 1st sess. (1933); H. Rept. No. 254, 73d Cong., 1st sess. (1933); S. Rept. No. 77, 73d Cong., 1st sess. (1933). It is likely that the problem was not even considered since the change to a fixed term, and the resulting possibility of a vacancy in the chairmanship, did not occur until 2 years later. *See* 49 Stat. 705 (1935).[3]

It might be contended that no great significance should be attached to this specification of very limited duties. Instead, it could be argued that it would be reasonable to assume that Congress did not mean to preclude the Vice Chairman from exercising what might be regarded as an inherent function of his

---

[2]Counsel for the Federal Reserve Board has suggested that the incumbent could continue to serve as a *de facto* officer whose actions will be given legal effect with regard to innocent third parties who have assumed such actions to be authorized. *See, Waite* v. *City of Santa Clara*, 184 U.S. 302, 323 (1902). Such will not be the case, however, where the defects in the officer's title are so notorious as to make those relying on his acts chargeable with knowledge thereof. 63 Am. Jur. 2d. *Officers holding over* § 507 (1972). Because the expiration of the incumbent's term is a well-known fact it would appear that even innocent third parties could not claim lack of knowledge in this case. Moreover, intentional reliance on this stop-gap doctrine is ill-advised where more effective steps can be taken to assure that the chairmanship is legally and continuously filled.

[3]Originally, service as "governor" and "vice governor" was at the pleasure of the President and was not limited by the specification of a fixed term. *See* 38 Stat. 260, 42 Stat. 620; *see also* 48 Stat. 167 (Chairman and Vice Chairman). No problem of succession was created since a member could hold office until his successor had been qualified, at which time the President could designate the new member as Chairman.

office and temporarily assuming the duties of the chairmanship whenever that office is vacant.[4] In light of the statute's clear language, however, we believe that this contention should not control and that a third alternative-designation by the President of an acting Chairman, is preferable.

### III. Presidential Designation of an Acting Chairman

The Vacancy Act, 5 U.S.C. §§ 3345-3348 (1976), which limits Presidential authority to fill Executive branch vacancies on a temporary basis under certain circumstances, by its terms applies only to executive departments and therefore not to the Federal Reserve Board. We have consistently taken the position that the President possesses inherent authority to make temporary appointments necessary to ensure the continuing operation of the Executive branch. Although no court has squarely addressed the point, the Court of Appeals for the District of Columbia in *Williams* v. *Phillips,* 482 F.(2d) 669 (D.C. Cir. 1973) seemed to regard this theory as plausible.[5]

Such power has most often been exercised with respect to Executive branch agencies rather than independent regulatory bodies that have under certain circumstances, *see, Humphrey's Executor* v. *United States,* 295 U.S. 602 (1935), been protected from Presidential control. Where it has deemed insulation from such control necessary, Congress has, however, provided that independent regulatory bodies should choose their own temporary chairmen.[6] Congress has not limited the President's authority with regard to the Federal Reserve Board in such a fashion; nor has it otherwise clearly specified the procedure to be used in handling a vacancy in the chairmanship. Under such circumstances, action by the President would appear to be appropriate. His discretion in selecting a temporary Chairman is not confined by the statutory scheme. It is therefore our view that he is free to select the Vice Chairman or some member to serve in this capacity.

### IV. Conclusion

Because of his limited term, the present Chairman may not hold over in office and continue to perform his official functions. In light of the specific

---

[4] Some support for this position may be gained from the past practice of the Federal Reserve Board. According to the Counsel for the Chairman, vacancies occurred in both the office of Chairman and that of Vice Chairman early in 1948. On February 3, 1948, the Board met and elected the former Chairman as Chairman *pro tempore.* He served until the new Chairman had been designated and qualified. In following this procedure, the Board appears to have adopted the approach outlined in 12 U.S.C. § 244, albeit that the pertinent language speaks of "absence" rather than "vacancy." ("In the absence of the chairman and the vice chairman, the Board shall elect a member to act as chairman pro tempore.")

[5] Since the President has already submitted the name of the nominee to the Senate for confirmation, no problem of the sort at issue in the *Phillips* case—use of the temporary appointment power to avoid the necessity for Senate confirmation—is presented here.

[6] Although the President is charged with designating the Chairman of the Federal Communications Commission, *see* 47 U.S.C. § 155(a) (1976), the Commission itself is authorized to choose an acting Chairman should that become necessary. *Id.*

statutory limitation concerning service during the Chairman's "absence" the better view is that the Vice Chairman may not, under his statutory authority, automatically serve as Chairman during a temporary vacancy in the office of the Chairman. In the absence of any statutorily prescribed mechanism for filling vacancies, the President may designate one of the members of the Board to serve as acting Chairman until such time as the nominee has been confirmed.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*